UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINA L. GOODWIN,

                    Plaintiff,

        -against-

VETERAN'S HEALTH ADMINISTRATION;
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,

                    Defendants.

24-CV-6138 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her rights under the Ninth Amendment and the terms of her employment contract. By order dated August 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants the

Veteran's Health Administration ("VHA") and the American Federation of Government

Employees ("AFGE"). The VHA hired Plaintiff to work as a Dietary "Health Tech" and, prior to

her start date of February 12, 2024, Plaintiff signed an Employment Agreement that set forth the

terms of her employment. (ECF 1 ¶ III.) After Plaintiff received her salary several times and

viewed the accompanying paystubs, she realized she was "not being paid an hourly salary

corresponding to the annual salary [she] accepted on [her] Employment Agreement, which is

within the salary range advertised." (*Id.*) Plaintiff contacted Human Resources of the Veterans

Affairs Medical Center and was "basically informed they had made a mistake, and she "insisted

that [she] be compensated the salary offered" in the employment contract. (*Id.*) Human

Resources would not accept Plaintiff's "formal grievance" and directed Plaintiff to contact her

union to file a grievance on her behalf. (*Id.*) Plaintiff contacted the union but was told that "they

would not represent [her]."

Plaintiff alleges that the VHA "breached the Employment Agreement," and she seeks "to

be compensated the hourly salary corresponding to the salary offered and accepted in" that

agreement "retroactively, with interest and my appropriate hourly salary going forward, as [she]

continue[s] to work in the position." Plaintiff "include[d AFGE] as a party to this" action because

2

it "should have taken [her] Case and pursued [her] grievance." (*Id.*) Attached to the complaint is

the job announcement for the position, an email showing that Plaintiff was hired, and a copy of a

paystub. (*Id.* at 8-21.)

## DISCUSSION

A.    **Claim against the VHA[1]**

Sovereign immunity generally bars federal courts from hearing suits against the United

States, including its agencies and employees acting in their official capacities, except where that

immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see*

*Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action

against a federal agency . . . is essentially a suit against the United States, such suits are . . .

barred under the doctrine of sovereign immunity, unless such immunity is waived."). "Absent an

unequivocally expressed statutory waiver, the United States, its agencies, and its employees

(when functioning in their official capacities) are immune from suit based on the principle of

sovereign immunity." *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal

citation omitted). Where the United States is immune from suit, a court lacks jurisdiction. *See*

*Mitchell*, 445 U.S. at 539.

The United States has waived sovereign immunity under certain statutes for federal

employees including the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.*,

which allows specific categories of federal employees to seek judicial review of agency

---

[1] Plaintiff invokes the Ninth Amendment, however, the Ninth Amendment "is not an independent source of substantive rights." *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (quoting *Jenkins v. C.I.R.,* 483 F.3d 90, 92 (2d Cir. 2007)); *Donohue v. Hochul*, No. 21-CV-8463 (JPO), 2022 WL 673636, at *10 (S.D.N.Y. Mar. 7, 2022) ("Where plaintiffs "fail plausibly to allege a violation of any other constitutional right," they cannot "recast their unsuccessful claims as a violation of the Ninth Amendment."")

decisions. *Chinniah v. FERC*, 62 F.4th 700, 702 (2d Cir. 2023) (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012)); *Terry v. Corp. for Nat'l and Comm'n Svc.*, No. 15-CV-5660 (PGG), 2017 WL 9538861, at *4 (S.D.N.Y. Mar. 21, 2017) (citing *United States v. Fausto*, 484 U.S. 439, 446 (1988)); *Bamba v. U.S. Dep't of Homeland Sec.*, No. 11-CV-7466 (DLC), 2012 WL 3020034, at *3 (S.D.N.Y. July 24, 2012) ("The CSRA represents Congress's comprehensive identification of the employment rights and remedies available to federal civil service personnel.") (quoting *Dotson v. Griesa*, 398 F.3d 156, 163 (2d Cir. 2005)).

Under the CSRA, Congress established the Merit Systems Protection Board ("MSPB"), to review certain serious personnel actions against federal employees," including "removal from employment or a reduction in grade or pay." *Perry v. Merit Syst. Protection Bd.*, 582 U.S. 420, 422-23 (2017); *Auld v. United States*, No. 15-429, 2023 WL 2052343, at *9 (Fed. Cl. Feb. 16, 2023) (explaining that the CSRA established the MSPB, through the Office of Personnel Management ("OPM"), citing 5 U.S.C. § 1204); *Sheafe-Carter v. Donohue*, No. 11-CV-4128, 2013 WL 4458746, at *2 (E.D.N.Y. Aug. 16, 2013) (noting that the CSRA established the MSPB as "an independent, quasi-judicial agency in the executive branch that serves as the guardian of federal merit systems"); *Klein v. Office of Personnel Mgmt*, 577 F. Supp. 260, 263 (S.D.N.Y. 1983) (holding that the MSPB "is the body charged with reviewing decisions of" [OPM], citing 5 U.S.C. §§ 1205, 2301).[2] If an employee asserts rights under the CSRA, MSPB decisions are subject to judicial review exclusively in the Federal Circuit. *See Downey v. Runyon*, 160 F.3d

---

[2] It is unclear if Plaintiff was a probationary employee at the time of these events. A probationary employee generally has no statutory right of appeal to the MSPB. *See* 5 U.S.C. § 7511(a)(1)(A); *Mastriano v. Fed. Aviation Admin.*, 714 F. 2d 1152, 1155 (Fed. Cir. 1983). A probationary employee is not an "employee" as defined in 5 U.S.C. § 7511(a)(1), and except in some limited circumstances, is excluded from the statutory appeals process provided pursuant to 5 U.S.C. § 7703(a)(1). *See* 5 C.F.R. § 315.806; *Baker v. Dep't of Army*, 350 F. Appx. 446, 447, 2009 WL 3260078, at *1 (Fed. Cir. 2009).

139, 141-44 (2d Cir. 1998) (holding that jurisdiction for CSRA claims is with the MSPB, and judicial review of its decisions is solely by the Federal Circuit); *Ercole v. Wilkie*, No. 19-CV-11961 (VSB), 2023 WL 6812300, at *5 (S.D.N.Y. Oct. 16, 2023) (same).

Because the CSRA provides "the exclusive administrative remedies" for a federal employee's breach of contract claim, it is appropriate for a district court to dismiss such claims for lack of subject matter jurisdiction. *Schneider v. Hastings*, No. 19-CV-1504, 2020 WL 3447786, at *3 (W.D.N.Y. June 24, 2020) (citing *Munoz v. Locke*, 634 F. App'x 166, 167 (9th Cir. 2015)); *see also Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 374 (5th Cir. 2007) ("CSRA provides the exclusive remedy for claims against federal employers, thereby precluding any other causes of action. Consequently, courts have rejected constitutional, tort, and contract claims as being precluded by the CSRA.") (citations omitted)); *Legg v. Conklin*, No. 04-CV-6549T, 2009 WL 691917, at *1 (W.D.N.Y. Mar. 12, 2009) ("[A]ny claim of a breach of contract by a co-employee is governed by the Civil Service Reform Act[.]").

Plaintiff alleges that the VHA engaged in a prohibited personnel practice by paying her less than the amount set forth in her employment contract. Plaintiff does not allege that she sought review through OPM and appealed to the MSPB. Even if Plaintiff had done so, she would need to seek judicial review of any adverse decision in the Federal Circuit. Because the Court lacks subject matter jurisdiction of Plaintiff's claims against the VHA, the Court dismisses those claims without prejudice.

B.    **Claim against the AFGE**

Plaintiff alleges that her union, AFGE, did not adequately represent her. The Court construes this assertion as alleging a claim for breach of the duty of fair representation. A federal employee charging that her union violated its duty of fair representation does not, however, have a private cause of action against the union for a breach of the duty of fair representation. *Wisham*

*v. Comm'r of IRS*, No. 08-CV-8926 (DLC), 2009 WL 2526245, at *3 (S.D.N.Y. Aug. 19, 2009)

(quoting 5 U.S.C. § 7114(a)(1)). Rather, the employee "must file a charge with" the Federal

Labor Relations Authority ("FLRA"). *Id.* (citing *Karahalios v. Nat'l Fed'n of Fed. Employees,*

*Local 1263*, 489 U.S. 527, 532–33 (1989)); *Wilder v. United States Dep't of Veterans Aff.*, 175 F.

Supp. 3d 82, 91-92 (S.D.N.Y. 2016) (same); *Luckett v. Derie*, No. 00-CV-1008 (TPG), 2000 WL

1376658, at *1 (S.D.N.Y. Sept. 25, 2000) ("The Supreme Court has held that . . . the [FLRA] has

exclusive jurisdiction over a federal employee's claim against a union for breach of duty of fair

representation." (citation omitted)). The Court must therefore dismiss Plaintiff's claim against

the AFGE for failure to state a claim on which relief may be granted.

C.    **Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to

state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and lack of subject

matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:    June 4, 2025
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.